FILED
CLERK OF COURT

2025 APR 11 PM 3:51

SUPERIOR COURT
OF GUAM



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. **CF0171-24**<br>) GPD Report No. 24-05763/24-05859<br>) |
| vs. | )<br>) |
| **NEVEAH TAMAR JAMES,**<br>DOB: 08/17/2004 | ) **DECISION & ORDER**<br>) **RE. DEFENDANT'S**<br>) **MOTION TO DISMISS DUE TO**<br>) **DESTRUCTION OF EVIDENCE**<br>) |
| Defendant. | )<br>) |

This matter came before the Honorable Alberto E. Tolentino on January 14, 2025, for a Motion hearing. Defendant Neveah Tamar James ("Defendant") was present with counsel Attorney Mark Smith. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). The parties were before the court to address the Defendant's Motion to Dismiss Due to Destruction of Evidence. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion to Dismiss Due to Destruction of Evidence.

\\

\\

\\

## BACKGROUND

For events that occurred on or about March 11, 2024, the Defendant was charged via Indictment with the following offenses: (1) Theft of an Automobile (As a 2nd Degree Felony); and (2) Vehicle Without Identification (As a Misdemeanor). *See* Indictment (Mar. 26, 2024).

With Jury Selection and Trial scheduled for December 2, 2024, the Defendant filed a Motion to Dismiss Due to Destruction of Evidence ("Motion to Dismiss") on November 27, 2024.[1] As a result, the court vacated the trial date and scheduled this matter for a Motion Hearing on January 14, 2025. *See* Pre-Trial Conference Mins. at 9:24:42AM (Nov. 27, 2024).

Without an Opposition filed in accordance with the Notice of Motion[2] filed, the court denied the People's oral request for leave of court to file an opposition to the Motion to Dismiss. *See* Mot. H'rg Mins. at 2:22:42 – 23:04PM (Jan. 14, 2025). The court also denied any oral argument from the People at the Motion Hearing. *Id.* The basis for the Defendant's motion was an allegation of "the arresting officer's intentional destruction of a key video recording." Def.'s Mot. Dismiss (Nov. 27, 2024). At the Motion hearing, the Defendant called April Salas and A.T. to testify in support of the Motion to Dismiss. After hearing the witness' testimony and the Defendant's arguments on the Motion to Dismiss, the court took the matter under advisement.

## DISCUSSION

Upon taking the matter under advisement, the Defendant argued that pursuant to the local rules, his Motion to Dismiss should be granted since the People filed no opposition. *See* Mot.

---

[1] The Defendant through his counsel filed this Motion to Dismiss past the motion cutoff date of October 14, 2024. *See* Criminal Trial Scheduling Order (May 8, 2024). However, if a motion is untimely filed, the court may allow the filing of motions beyond the time limit previously set by the court. *See* 8 GCA § 65.45 ("Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to § 65.15, or prior to any extension thereof made by the court, shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver.").

[2] The court notes that the incorrect Notice of Motion was filed pursuant to Local Superior Court of Guam Rule CR 1.1; CVR 7.1 Form 1 is the applicable form for *civil* cases and not criminal cases.

H'rg Mins. at 2:48:14 – 48:34PM (Jan. 14, 2025). The Guam Supreme Court previously held that "the failure to file a written opposition, the filing of a notice non-opposition, or the disregard of untimely filed papers" does not relieve the lower court of its obligation to consider the merits of a motion before rendering its decision. *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶¶ 27–28. At the Motion hearing, the court barred the People from making any argument on the Motion to Dismiss. Despite the People's failure to timely file its Opposition in this case, the court still has an obligation to analyze the merits of the issue before it.

The Defendant seeks dismissal due to the arresting officer's alleged destruction of a video recording; which he argues violates his Due Process rights articulated in *Brady v. Maryland.* Under *Brady,* the People have an obligation to turn over material that is favorable and possibly exculpatory to the defense. *See Brady v. Maryland* 373 U.S. 83, 87 (1963).

To establish a *Brady* violation, a defendant must show: (1) the alleged *Brady* evidence is favorable to the defendant because it is exculpatory or impeaching; (2) the government suppressed the evidence, either willfully or inadvertently; and (3) the suppression prejudiced the defendant by depriving him or her of a fair trial. *People v. Madeus*, 2019 Guam 24 ¶ 7 (citing *People v. Mateo*, 2017 Guam 22 ¶ 13).

**A. The alleged *Brady* evidence is favorable to Defendant James as exculpatory evidence.**

In his Motion to Dismiss and on the record, the Defendant states that the video recording is exculpatory to his defense, because it shows the Defendant's lack of intent to permanently deprive the owner of his property; an essential element of Theft of an Automobile (As a 2nd Degree Felony). *See* Mot. Dismiss (Nov. 27, 2024). Although the Defendant argues that the video is proof of his intent to return the vehicle to its owner, the Indictment does not charge the

Defendant with having an intent to *permanently* deprive. *See* Indictment (date) (emphasis added). 8 G.C.A. § 43.10(a) provides the meaning of "deprive" as follows:

(1) to withhold property of another permanently or for so extended a period as to appropriate a major portion of its economic value, or with intent to restore only upon payment of reward or other compensation; or

(2) to abandon the property under circumstances amounting to a reckless exposure to loss.

Regardless of which meaning the Defendant attaches to "deprive," the court will assume *arguendo* that a video negating the necessary intent to prove the crime charged is exculpatory.

**B. The People did not willfully or inadvertently suppress the video recording.**

For a *Brady* violation, the Defendant must also prove that the government willfully or inadvertently suppressed this video recording. At the Motion hearing, April Salas and A.T. testified regarding the alleged destruction of the video recording. Their testimony consisted of the video's contents, which was shown to A.T. and April Salas by Officer M.D. Lizama. *See* Mot. H'rg Mins. at 2:24:19 – 40:33PM (Jan. 14, 2025). Both witnesses also testified how the phone was no longer on A.T.'s phone upon its return after Officer Lizama confiscated it. *Id.*

Although the witnesses testified that the video was deleted from the minor's phone, the Defendant provided no further support for these accusations. For instance, the Defendant offered no testimony from the arresting officer; no phone records that show the video was deleted while in the police's custody; and nor a chain of custody receipt for any recording. In addition, neither witness positively identified Officer M.D. Lizama as the one responsible for destroying the recording. Despite the court barring the People's argument opposing the Motion to Dismiss, the Defendant failed to prove that the People were aware that the video recording existed before its alleged destruction. Therefore, the Defendant failed to adequately demonstrate that the People willfully or inadvertently suppressed the video recording.

### C. The suppression did not deprive Defendant James of a fair trial.

The Defendant argues that the destruction of the video recording leaves him unable to present a complete defense. *See* Mot. Dismiss at 3 (Nov. 27, 2024). While he also states that "no other evidence exists to substantiate the Defendant's claims," the Defendant provided testimony from the minor who actually recorded the destroyed video at the Motion hearing. While the court found above that the video, if it existed, could negate the necessary intent to prove the crime charged and is exculpatory; its nonexistence does not prejudice the Defendant to the extent that he is deprived of a fair trial in this case.

Although the Defendant showed that this video recording is favorable, exculpatory evidence, he failed to prove that the government willfully or inadvertently suppressed it; and that the suppression deprived him of a fair trial. Because no *Brady* violation occurred, the court finds that the Defendant failed to meet his burden to warrant any relief on this basis.

### CONCLUSION

For reasons stated above, the court hereby **DENIES** the Defendant's Motion to Dismiss Due to Destruction of Evidence.

**SO ORDERED** this ____APR 1 1 2025____.







**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, PDF

M. Smith

Date: 4/11/25 Time: 3:56pm

Antonio C. Cruz

Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam